# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPHINE T. BELLUM and KAREN A. | : | |
| BISTREK, on behalf of themselves and others | : | |
| similarly situated, | : | Civil Action No.: 2:15-cv-02460-CDJ |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THE LAW OFFICES OF FREDERIC I. | : | |
| WEINBERG & ASSOCIATES, P.C., | : | |
| | : | |
| Defendant. | : | |

**DECLARATION OF JESSE S. JOHNSON IN SUPPORT OF PLAINTIFFS'**
**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

I, Jesse S. Johnson, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      My name is Jesse S. Johnson.

2.      I am over twenty-one years of age, and am fully competent to make the statements contained in this Declaration. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

3.      I am an associate at the law firm of Greenwald Davidson Radbil PLLC, counsel for Josephine T. Bellum, Karen A. Bistrek, and the proposed class in the above-entitled action. I graduated from the University of Florida in 2005 and from the University of Florida Fredric G. Levin College of Law in 2009. I have extensive experience litigating consumer protection and securities fraud class actions, including class actions brought under the Fair Debt Collection Practices Act ("FDCPA").

4.      Greenwald Davidson Radbil PLLC has been appointed class counsel in numerous class actions throughout the country, including those brought under the FDCPA. *See, e.g.,*

1

*Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-02361, ECF No. 36 (D.N.J. Feb. 9, 2016); *Schuchardt v. Law Office of Rory W. Clark*, No. 15-01329, 2016 WL 232435 (N.D. Cal. Jan. 20, 2016); *Whitford v. Weber & Olcese, P.L.C.*, No. 15-400, 2016 WL 122393 (W.D. Mich. Jan. 11, 2016); *Garza v. Mitchell Rubenstein & Assocs., P.C.*, No. 15-1572, 2015 WL 9594286 (D. Md. Dec. 28, 2015); *Prater v. Medicredit, Inc.*, No. 14-00159, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015); *Baldwin v. Glasser & Glasser*, P.L.C., No. 15-00490, 2015 WL 7769207 (E.D. Va. Dec. 1, 2015); *Oaks v. Parker L. Moss, P.C.*, No. 15-00196, 2015 WL 5737595 (N.D. Ind. Sept. 29, 2015); *Lambeth v. Advantage Fin. Servs., LLC*, No. 15-33, 2015 WL 4624008 (D. Idaho Aug. 3, 2015); *Rhodes v. Olson Assocs., P.C. d/b/a Olson Shaner*, 83 F. Supp. 3d 1096 (D. Colo. 2015); *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644 (M.D. Fla. 2015); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329 (S.D. Fla. Feb. 23, 2015); *Esposito v. Deatrick & Spies*, *P.S.C.*, No. 13-1416, 2015 WL 390392 (N.D.N.Y. Jan. 28, 2015); *Green v. Dressman Benzinger Lavelle, PSC*, No. 14-00142, 2015 WL 223764 (S.D. Ohio Jan. 16, 2015); *Donnelly v. EquityExperts.org, LLC*, No. 13-10017, 2015 WL 249522 (E.D. Mich. Jan. 14, 2015); *Ritchie v. Van Ru Credit Corp.*, No. 12-01714, 2014 WL 3955268 (D. Ariz. Aug. 13, 2014); *Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664 (S.D. Fla. 2014).

5.     Prior to joining Greenwald Davidson Radbil PLLC, I spent five years as a litigator at Robbins Geller Rudman & Dowd LLP—the nation's largest plaintiff's class action firm. My practice at Robbins Geller focused on complex class actions, including securities, corporate governance, and consumer fraud litigation.

6.     More information about my practice is available on Greenwald Davidson Radbil PLLC's website, www.gdrlawfirm.com.

7.      I submit this Declaration in support of Plaintiffs' unopposed motion for preliminary approval of the settlement reached by the parties.

8.      This settlement results in cash payments to class members in excess of the cap on statutory damages imposed by the FDCPA. In addition, Defendant has agreed to no longer use the contested form debt collection letter at issue in this litigation, which will benefit consumers from whom Defendant attempts to collect debts in the future.

9.      The settlement also requires direct mail notice to each class member to apprise class members of this settlement and of their rights in connection therewith. Noteworthy, class members will not be required to submit a claim form or provide any other documentation to receive a payment of at least $10.00.

10.     Given this favorable recovery for the class, particularly in light of the risks associated with continued litigation and the limitations on damages imposed by the FDCPA, I firmly believe the settlement here to be fair, reasonable, and adequate, and that it should be preliminarily approved by this Court.

11.     Attached hereto is a true and correct copy of the settlement agreement and its exhibits:

       Exhibit A: Notice to the Class
       Exhibit B: [Proposed] Order of Preliminary Approval
       Exhibit C: [Proposed] Final Order and Judgment

I declare under penalty of perjury that the foregoing is true and correct.


Executed on March 9, 2016.

                        By: */s/ Jesse S. Johnson*
                            Jesse S. Johnson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JOSEPHINE T. BELLUM and KAREN A.
BISTREK, on behalf of themselves and others
similarly situated,

      Plaintiffs,

      v.

THE LAW OFFICES OF FREDERIC I.
WEINBERG & ASSOCIATES, P.C.,

      Defendant.

Civil Action No.: 2:15-cv-02460-CDJ

---

## CLASS ACTION SETTLEMENT AGREEMENT

The parties to this Class Settlement Agreement ("Agreement") are Plaintiffs, JOSEPHINE

T. BELLUM and KAREN A. BISTREK (collectively, "Plaintiffs"), individually and on behalf of

the class defined below in Section F, and Defendant, THE LAW OFFICES OF FREDERIC I.

WEINBERG & ASSOCIATES, P.C. ("Defendant"), as listed below in Section E.

## RECITALS

### A.    Case, Parties and Nature of the Litigation

Plaintiffs, individually and on behalf of a class, filed the above-captioned action in the

United States District Court for the District of Eastern District of Pennsylvania (the "Litigation").

In their Complaint, Plaintiffs claims that Defendant violated the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by sending an initial debt collection letter that failed to

inform Plaintiffs that Defendant need only have mailed verification of Plaintiffs' alleged debt, or

a copy of the judgment, to her if she disputed the debt in writing.

The parties have reached a settlement of all claims raised in the Litigation.

1

**B.      Compromise of Disputed Claims**

1.      Defendant denies liability to Plaintiffs and the Class (defined below in Section F) for the claims alleged, but considers it desirable that the Litigation and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiffs or the Class members against Defendant.

2.      Plaintiffs, fully believing that Defendant violated the FDCPA, desire to settle their claims against Defendant, having taken into account, through their counsel, the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

3.      Class Counsel (defined below in Section G) has investigated the facts available to them and the applicable law.

4.      Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the Class, Class Counsel consider it to be in the best interest of the Class to enter into this Agreement.

5.      In consideration of the foregoing and other good and valuable consideration, Plaintiffs, Class Counsel, and Defendant stipulate and agree that the claims of the named Plaintiffs and the Class against Defendant in the Litigation should be and are hereby compromised and settled, subject to the approval of this Court, upon the following terms and conditions.

**C.      Effective Date**

This Agreement shall become effective (hereinafter the "Effective Date") thirty-five (35) days after this Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the Class; or if an appeal has been sought, the expiration of five (5) days after the

2

disposition of any such appeal from any such order, which disposition approves the Court's final order approving the Agreement. The parties shall each bear their own costs and expenses in responding to any appeal taken from the final approval order. The parties waive their rights to appeal from any final order entered in accordance with the terms of this Agreement.

**D.   Class Representative**

The "Plaintiffs" and Class Representatives are JOSEPHINE T. BELLUM and KAREN A. BISTREK.

**E.   The Defendant**

The "Defendant" is THE LAW OFFICES OF FREDERIC I. WEINBERG & ASSOCIATES, P.C.

**F.   The Class**

The parties stipulate to the certification of a class for settlement purposes only. The Class is defined as follows:

> All persons with a Pennsylvania address to whom The Law Offices of Frederic I. Weinberg & Associates, P.C. mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," between May 4, 2014 and May 4, 2015, in connection with the collection of a consumer debt on behalf of Bank of America, N.A.

Defendant represents that there are 971 members of the Class as defined above, including Plaintiffs.

**G.   Class Counsel**

"Class Counsel" is Greenwald Davidson Radbil PLLC.

**H.   Relief to Plaintiffs and the Class**

1.   No later than five (5) days after the Effective Date, Defendant shall pay $1,000 in

3

statutory damages to each of the Plaintiffs in settlement of their individual claims.

2.      In addition, Defendant agrees to create a common fund in the amount of $9,710.00, which constitutes approximately $10.00 per Class member. The common fund will be distributed, on a prorated basis, to each Class member who does not exclude himself or herself from the settlement. The settlement checks shall be sent via U.S. mail no later than 15 days after the Effective Date. Defendant's obligation under this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, except all checks returned with a forwarding address will be forwarded accordingly.

3.      Any amount that remains undistributed to Class members after the deadline has expired for Class members to cash their settlement checks ("Void Date") shall be donated to Community Legal Services of Philadelphia as a *cy pres* recipient.

4.      The Void Date shall be 90 days from the date the checks are mailed to class members.

5.      <u>Change in Conduct</u>: Defendant affirms that, as of the date of this agreement, it no longer uses the form initial debt collection letter received by Plaintiffs and which gave rise to the instant action.

**I.      Release**

1.      **Release by Plaintiffs**.  As consideration for this Agreement, as of the Effective Date, Plaintiffs, individually and collectively, release and forever discharge Defendant, and its past, present or future parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, clients, insurers, and assigns (collectively, the "Released Parties") of and from all claims, known

4

or unknown, related to debts that are the subject of this action, including all collection and credit reporting activity that occurred from the beginning of time up through and including the date of the execution of this Agreement by Plaintiffs.  This release does not limit or foreclose any defenses Plaintiffs may have regarding the underlying debt Defendant sought to collect.

2.     **Release by the Class**.  Each Class member not opting out, as of the Effective Date, releases and forever discharges the Released Parties of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages, including any indemnity claims for payment of attorney's fees and costs, arising out of the following language in Defendant's initial debt collection letters from May 4, 2014 through May 4, 2015: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you." Excluded from this release are any and all claims and defenses that Class members could assert against the Released Parties for lawsuits filed by the Released Parties against Plaintiffs or Class members.

3.     These releases are conditioned upon the approval of the Agreement and Final Approval of the settlement by the Court and Defendant meeting its obligations therein.

4.     Nothing herein shall prevent Defendant from continuing to attempt to collect any remaining debts allegedly owed by the Class members, nor will it prevent Plaintiffs and Class members from asserting any defenses they have to the debts. In particular, Plaintiffs and Class members do not release any claims or defenses they may have regarding (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus. Class members also do not release any right to move to vacate judgments or orders entered against them, or claims that seized assets are exempt.

5

5.      If this Agreement is not approved by the Court or for any reason does not become effective, then, at the election of either party, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

**J.      Attorneys' Fees, Notice Costs and Related Matters**

1.      Defendant agrees not to oppose Plaintiffs' request for attorneys' fees and expenses in an amount up to and including $20,000.  Plaintiffs may petition for more attorneys' fees and expenses, but if Plaintiffs request more than $20,000 in attorneys' fees and expenses, Defendant may oppose the amount sought over $20,000. Further, in no event may Plaintiffs seek attorneys' fees and expenses in an amount to exceed $30,000. Any fee or expense award is subject to Court approval. The procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs or Class Counsel for attorneys' fees and expenses are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth herein. Any order regarding an application for attorneys' fees and expenses will not operate to terminate or cancel this Agreement, or affect the finality of the settlement of this matter. Any money awarded to Class Counsel for attorney's fees and expenses will be paid by Defendant in addition to the monies to be paid to Plaintiffs and the Class as set forth above, and the costs of administration as set forth below.

2.      Separate and apart from any monies to be paid to Plaintiffs, the Class, or for attorneys' fees and expenses, Defendant will bear the costs of notice and settlement administration, and use First Class, Inc. ("Administrator") to handle the class notice and administration.

3.      Defendant will maintain a list of Class members and account numbers that identifies the accounts subject to the settlement and the release for a period of two years after the

entry of the Final Approval Order.

**K.    Notice**

Administrator will cause notice to be provided to the Class by U.S. Mail. Administrator shall, within 20 days of entry of the Preliminary Approval Order, cause actual notice, in the form of Exhibit A, to be sent to the last known addresses of the Class members, according to Defendant's records. Exhibit A shall be sent to all Class members and shall not include a claim form. Before sending the written notice, Administrator will confirm and, if necessary, update the addresses for the Class members through the standard methodology it currently uses to update addresses, including attempting to identify the name and address of each Class member. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Administrator shall forward any such returned notice to the address provided as soon as practicable. Class members shall have 60 days from the entry of the Preliminary Approval Order to opt-out or object to the settlement. In order for the opt-out or request for exclusion to be deemed valid, the Class member must set forth his or her full name, address, and telephone number, along with a statement that he or she wishes to be excluded.  In order for an objection to the settlement to be valid, it must be filed with the Court within 60 days from the entry of the Preliminary Approval Order, and must be served upon counsel for Plaintiffs and counsel for Defendant. Any objection must state the reasons for the objection and state whether the objector intends to appear at the final fairness hearing and, if so, whether the objector intends to appear through counsel. Any Class member who does not file a valid and timely objection to the settlement will be barred from seeking review of the settlement by appeal or otherwise.

**L.    Preliminary approval**

1.    As soon as practicable after execution of the Agreement, Plaintiffs shall file an

unopposed motion with the court for an order which:

        a.        Preliminarily approves this Agreement.

        b.        Schedules a hearing for final approval of the Agreement by the court.

        c.        Approves the form of notice to the Class, to be directed to the last known address of the Class members as shown on Defendant's records. If as a result of the mailing, a forwarding address is furnished by the Postal Service but the notice is not forwarded by the Postal Service, the notice will be re-mailed to the address(es) provided.

        d.        Finds that mailing of the Class notice and the other measures specified in Section K are the only notices required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

        e.        Certifies for settlement purposes the Class defined in Section F.

2.        The parties agree to request the form of notice attached hereto as <u>Exhibit A</u>, and propose the form of preliminary approval order attached hereto as <u>Exhibit B</u>.  The fact that the court may require non-substantive changes in the notices or order does not invalidate this Agreement.

**M.**      **Final approval**

1.        Before the scheduled hearing on the final fairness, reasonableness, and adequacy of the Agreement, Class Counsel and counsel for Defendant shall request that this Court enter a Final Order approving the terms of the Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the Class satisfies the requirements of due process and Rule 23, dismissing the claims of the named Plaintiffs and the Class, without prejudice and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this Agreement.

2.      The parties agree to request the form of final order attached hereto as <u>Exhibit C</u>. The fact that the court may require non-substantive changes in the final order does not invalidate this Agreement.

### N.      Dismissal with prejudice

Thirty (30) days after the Void Date, and no later than 95 days after the Effective Date, the Parties shall file a Notice of Compliance that the Parties have complied with the terms of the Agreement, all Class members have been issued checks, and any undistributed funds or uncashed checks have been donated to Legal Services of New Jersey as a *cy pres* recipient.  Ten days after the Notice of Compliance has been filed, the Court shall enter an order converting the dismissal to a dismissal with prejudice absent a timely motion by either Plaintiffs or Defendant.

### O.      Release of Attorney's Lien

In consideration of this Agreement, and subject to Section J above, Class Counsel hereby waives, discharges and releases the "Released Parties," as defined in paragraph 1 of Section I above, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case.

### P.      Miscellaneous provisions

1.      Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

2.      The parties and their attorneys agree to cooperate fully with one another in seeking court approval of the Agreement, and to use their best efforts to effect the consummation of this agreement and the settlement provided for herein.

3.      Objections to this Agreement shall be filed with the Court and sent to:

> Jesse S. Johnson
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, FL 33431
> T: 561.826.5477/F: 561.961.5684
> jjohnson@gdrlawfirm.com

and:

> Gregory W. Fox
> Marshall Dennehey Warner
> Coleman & Goggin, P.C.
> 2000 Market St., 24th Floor
> Philadelphia, PA 19103
> Tel: (215) 575-2827
> Fax: (215) 575-0856
> gwfox@mdwcg.com

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

4.      The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.  No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

5.      This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

6.      Each and every term of this Agreement shall be binding upon and inure to the benefit of Plaintiffs, the members of the Class, and any of their successors and personal

representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

7.      Should any of the provisions set forth herein be determined to be invalid by any court, agency, or any other tribunal of competent jurisdiction, such determination shall not affect the enforceability of the other provisions herein and to this end, the provisions of this Agreement are declared severable.   The Parties may mutually elect to proceed with the Settlement, notwithstanding any unenforceable provision.

8.      This Agreement shall be deemed to be jointly drafted by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

9.      This Agreement is to be interpreted in accordance with Pennsylvania law and any dispute, challenge, or question relating to this Agreement is to be heard only by this Court.

[Signatures on the following page]

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____, 2016.

_____
JOSEPHINE T. BELLUM

_____
KAREN A. BISTREK

_____
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
T: 561.826.5477
F: 561.961.5684
jjohnson@gdrlawfirm.com

Class Counsel

_____
Representative of THE LAW OFFICES OF FREDERIC I.
WEINBERG & ASSOCIATES, P.C

_____
Gregory W. Fox
Marshall Dennehey Warner
Coleman & Goggin, P.C.
2000 Market St., 24th Floor
Philadelphia, PA 19103
Tel: (215) 575-2827
Fax: (215) 575-0856
gwfox@mdwcg.com

Counsel for Defendant

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of

record, have so agreed, on _____ 2 – 26 – _____, 2016.

_____
JOSEPHINE T. BELLUM

_____
KAREN A. BISTREK


_____
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
T: 561.826.5477
F: 561.961.5684
jjohnson@gdrlawfirm.com

Class Counsel



_____
Representative of THE LAW OFFICES OF FREDERIC I.
WEINBERG & ASSOCIATES, P.C



_____
Gregory W. Fox
Marshall Dennehey Warner
Coleman & Goggin, P.C.
2000 Market St., 24th Floor
Philadelphia, PA 19103
Tel: (215) 575-2827
Fax: (215) 575-0856
gwfox@mdwcg.com

Counsel for Defendant

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on ___Feb. 26___, 2016.

_____
JOSEPHINE T. BELLUM

_Karen A Bistrek_
_____
KAREN A. BISTREK

_____
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
T: 561.826.5477
F: 561.961.5684
jjohnson@gdrlawfirm.com

Class Counsel

_____
Representative of THE LAW OFFICES OF FREDERIC I.
WEINBERG & ASSOCIATES, P.C

_____
Gregory W. Fox
Marshall Dennehey Warner
Coleman & Goggin, P.C.
2000 Market St., 24th Floor
Philadelphia, PA 19103
Tel: (215) 575-2827
Fax: (215) 575-0856
gwfox@mdwcg.com

Counsel for Defendant

12

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of

record, have so agreed, on ___FEBRUARY 29___, 2016.


_____

JOSEPHINE T. BELLUM


_____

KAREN A. BISTREK


_____

Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
T: 561.826.5477
F: 561.961.5684
jjohnson@gdrlawfirm.com

Class Counsel



_____

Representative of THE LAW OFFICES OF FREDERIC I.
WEINBERG & ASSOCIATES, P.C



_____

Gregory W. Fox
Marshall Dennehey Warner
Coleman & Goggin, P.C.
2000 Market St., 24th Floor
Philadelphia, PA 19103
Tel: (215) 575-2827
Fax: (215) 575-0856
gwfox@mdwcg.com

Counsel for Defendant

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of

record, have so agreed, on _____, 2016.


_____

JOSEPHINE T. BELLUM


_____

KAREN A. BISTREK


_____

Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
T: 561.826.5477
F: 561.961.5684
jjohnson@gdrlawfirm.com

Class Counsel


_____

Representative of THE LAW OFFICES OF FREDERIC I.
WEINBERG & ASSOCIATES, P.C


_____

Gregory W. Fox
Marshall Dennehey Warner
Coleman & Goggin, P.C.
2000 Market St., 24th Floor
Philadelphia, PA 19103
Tel: (215) 575-2827
Fax: (215) 575-0856
gwfox@mdwcg.com

Counsel for Defendant

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**You may benefit from this class action settlement.**

**You are <u>not</u> being sued.**

**If you received a debt collection letter from The Law Offices of Frederic I. Weinberg & Associates, P.C. between May 4, 2014 and May 4, 2015, you may benefit from the settlement of this class action lawsuit.**

*This case is titled* Josephine T. Bellum & Karen A. Bistrek v. The Law Offices of Frederic I. Weinberg & Associates, P.C.*, Case No. 2:15-cv-02460-CDJ*

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | If you have received a debt collection communication from The Law Offices of Frederic I. Weinberg & Associates, P.C. in the mail that stated, "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," between May 4, 2014 and May 4, 2015, in connection with the collection of a consumer debt on behalf of Bank of America, N.A., you will receive a cash payment as explained in Section No. 6 below. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your legal claims against the defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them—are explained below.**

**1.   Why did I get this notice?**

Plaintiffs, Josephine T. Bellum and Karen A. Bistrek ("Plaintiffs"), filed a class action lawsuit alleging that defendant, The Law Offices of Frederic I. Weinberg & Associates, P.C. ("Defendant"), violated the Fair Debt Collection Practices Act ("FDCPA" or "the Law") by failing to inform Plaintiffs that Defendant need only have mailed verification of Plaintiffs' alleged debts,

or a copy of the judgment, to them if they disputed the debt, in writing. Defendant denies that its conduct violated the Law. You received this notice because you have been identified from the Defendant's records as a person to whom Defendant mailed an initial debt collection letter during the relevant time period.

### 2.   What is this lawsuit about?

In this lawsuit, Plaintiffs claimed that Defendant violated the FDCPA by failing to inform Plaintiffs that Defendant need only have mailed verification of Plaintiffs' alleged debts, or a copy of the judgment, to them if they disputed the debt, in writing. Defendant denies that its conduct violated the Law and has asserted affirmative defenses to Plaintiffs' claims, including that any violation was unintentional and the result of a bona fide error.

### 3.   Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Josephine T. Bellum and Karen A. Bistrek) sue on behalf of a group (or a "Class") of people who have similar claims.

### 4. Why is there a settlement?

In order to avoid the cost, risk, delay of litigation and uncertainty of trial the parties agreed to settle. Plaintiffs and Class Counsel believe the settlement is fair, reasonable, and adequate.

### 5. How do I know if I am part of the settlement?

The Court has decided that everyone falling under the following definition is a Class Member:

> All persons with a Pennsylvania address to whom The Law Offices of Frederic I. Weinberg & Associates, P.C. mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," between May 4, 2014 and May 4, 2015, in connection with the collection of a consumer debt on behalf of Bank of America, N.A.

You have been identified as a member of this Class.  There are approximately 971 persons in the Class.

#### YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

Approximately $10.00 cash payment.

### 7. When will I receive these benefits?

You will receive these benefits approximately fifty (50) days after the settlement has been approved.

## 8. I want to be a part of the settlement and receive these benefits. What do I do?

You do not have to do anything in order to receive these benefits.

## 9. What am I giving up to receive these benefits?

By staying in the Class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means you can't sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit.

## 10. How much will the Class Representatives receive?

The Defendant has agreed to pay $1,000.00 to each Plaintiff in settlement of their individual claims and for serving as the Class Representatives.

This is subject to the Court's approval.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the Defendant, then you must take steps to get out of the Class. This is called excluding yourself.

## 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Josephine T. Bellum & Karen A. Bistrek v. The Law Offices of Frederic I. Weinberg & Associates, P.C.*, Case No. 2:15-cv-02460-CDJ. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than [DATE]**, and sent to the following address:

First Class, Inc.
5410 Roosevelt Road, Suite 222
Chicago, IL 60644

Be sure to include the name and number of the case.

## 12. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement of this case, but you will have the right to sue Defendant over the claims raised in this case on your own in a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of

limitations") will begin to run again.  You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has named the law firm of Greenwald Davidson Radbil PLLC as Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to hire your own lawyer, he or she must file an appearance by **[DATE]**.

### 14. How will the lawyers be paid?

Class Counsel, Greenwald Davidson Radbil PLLC, will ask the Court for attorneys' fees and expenses of no more than $30,000.00. You will not be charged by these lawyers; however, they will receive a payment from the Defendant in an amount of $30,000.00 or less, if that amount is approved by the Court.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 15. Is this a fair settlement?

The FDCPA is a federal statute which provides for both individual actions and class actions.

In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00.  In a class action, the maximum possible recovery is (i) any actual damages suffered by the Class members, and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party.  In either an individual or a class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful.

In this case, based upon Defendant's book value net worth, Class Counsel believes this settlement is favorable to Class Members.

In light of the violations alleged, and the damages allowed under the Law, Class Counsel believes this is a fair settlement.

### 16. What is the Defendant's view of this settlement?

As stated above, by settling this lawsuit, Defendant is not admitting that it has done anything wrong. Defendant expressly denies the claims asserted by Plaintiff and denies all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do or do not agree with the settlement or some part of it.

## 17. How do I tell the Court that I do not like the settlement?

If you are a Class Member, you can object to the settlement.  In order to object to the settlement or any part of the settlement, you must submit your objection to the Court by **[DATE]**, stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Josephine T. Bellum & Karen A. Bistrek v. The Law Offices of Frederic I. Weinberg & Associates, P.C.*, Case No. 2:15-cv-02460-CDJ, your name, address, telephone number and your signature.  If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18).

In addition to filing your objection with the Court, you must also mail your written objection so that it is postmarked no later than **[DATE]** to both of the following addresses:

Jesse S. Johnson                                         Gregory W. Fox
Greenwald Davidson Radbil PLLC              Marshall Dennehey Warner
5550 Glades Road, Suite 500                       Coleman & Goggin, P.C.
Boca Raton, FL 33431                                  2000 Market St., 24th Floor
                                                                    Philadelphia, PA 19103

Be sure to include the name and number of the case.

### THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend if you wish, but you are not required to do so.

## 18. Where and when is the fairness hearing?

The Court will hold a fairness hearing on **[DATE]** at the **James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106**. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the Class, and to determine the appropriate amount of compensation for Class Counsel.  At that hearing the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

**YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.**

### GETTING MORE INFORMATION

## 19. How do I get more information?

This notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents filed with the Court, including the class action settlement agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Eastern District of Pennsylvania.

**Please do not call the Judge about this case**. *Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, Defendant's attorneys do not represent you and cannot give you legal advice.*

Separately, you can call Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431, the firm representing the Class, at (561) 826-5477 if you have any questions. Before doing so, please read this full notice carefully. You can also send an email to jjohnson@gdrlawfirm.com or obtain information through Class Counsel's website at www.gdrlawfirm.com.

## 20. What if I have a new address?

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case. However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should notify the class administrator of your new address by writing to:

First Class, Inc.
5410 Roosevelt Road, Suite 222
Chicago, IL 60644

DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

# Exhibit B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JOSEPHINE T. BELLUM and KAREN A.   :
BISTREK, on behalf of themselves and   :
others similarly situated,   :
                                 :     Civil Action No.: 2:15-cv-02460-CDJ
                                 :
             Plaintiffs,   :
                                 :
     v.   :
                                 :
THE LAW OFFICES OF FREDERIC I.   :
WEINBERG & ASSOCIATES, P.C.,   :
                               :
            Defendant.   :

## [PROPOSED] ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, this Court has been advised that the parties to this action, Josephine T. Bellum and Karen A. Bistrek ("Plaintiffs" or "Class Representatives"), and The Law Offices of Frederic I. Weinberg & Associates, P.C. ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on _____, **2016**, after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment

should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant will cause to be served written Notice of the proposed class settlement on the United States Attorney General and the Attorney General of the State of Pennsylvania.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons with a Pennsylvania address to whom The Law Offices of Frederic I. Weinberg & Associates, P.C. mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," between May 4, 2014 and May 4, 2015, in connection with the collection of a consumer debt on behalf of Bank of America, N.A.

Defendant represents that there are 971 Class Members, including Plaintiffs.

Pursuant to Fed. R. Civ. P. 23, the Court appoints Plaintiffs Josephine T. Bellum and Karen A. Bistrek as the Class Representatives. The Court also appoints Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel. *See Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-02361, ECF No. 36 (D.N.J. Feb. 9, 2016) (appointing Greenwald Davidson Radbil PLLC class counsel); *Roundtree v. Bush Ross, P.A.*, No. 14-357, 2016 WL 360721, at *2 (M.D. Fla. Jan. 28, 2016) (same); *Garza v. Mitchell Rubenstein & Assocs., P.C.*, No. 15-1572, 2015 WL 9594286, at *1 (D. Md. Dec. 28, 2015) (same); *Prater v. Medicredit, Inc.*, No. 4:14-cv-00159-

2

ERW, 2015 WL 8331602, at *2 (E.D. Mo. Dec. 7, 2015) (same); *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337, 340 (S.D. Miss. 2015) (same).

The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.      The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.      There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.      The claims of the Plaintiffs are typical of the claims of the Class Members;

D.      The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*Harlan v. Transworld Sys., Inc.*, 302 F.R.D. 319 (E.D. Pa. 2014) (Pratter, J.) (preliminarily approving FDCPA class settlement); *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246 (E.D. Pa. 2006) (Brody, J.) (certifying FDCPA class).

The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (1) the parties' arm's-length settlement negotiations; (2) the stage of the proceedings and discovery completed to support

3

the proposed settlement; and (3) the opinion of competent counsel supporting the settlement, who are experienced in consumer protection class litigation such as this.

A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All costs of administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the recommendation of the parties, the Court hereby appoints the following class administrator: First Class, Inc.

The Court approves the form and substance of the Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit A. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 20 days after the Court's entry of this order, *i.e.*, **no later than _____, 2016**.  The class administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.

Any Class Member who desires to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than 60 days after the Court's entry of this order, *i.e.*, **no later than _____, 2016**.  To be effective, the written

request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Court's entry of this order, *i.e.*, **no later than _____, 2016**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Jesse S. Johnson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendant, Gregory W. Fox, Marshall Dennehey Warner Coleman & Goggin, P.C., 2000 Market St., 24th Floor, Philadelphia, PA 19103.

To be effective, a notice of intent to object to the Settlement must:

(a)  Contain a heading which includes the name of the case and case number;

(b)  Provide the name, address, telephone number and signature of the Class Member filing the objection;

(c)  Be filed with the Clerk of the Court no later than 60 days after the Court preliminarily approves the settlement;

(d)  Be sent to Class Counsel and counsel for Defendant at the addresses designated in the Notice by first-class mail, postmarked no later than 60 days after the Court preliminarily approves the settlement;

(e)  Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Eastern District of Pennsylvania; and

(f)  Contain a statement of the specific basis for each objection.

5

Any Class Member who has timely filed an objection may appear at the Settlement Approval Hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Settlement, and on the application for an award of attorneys' fees and costs.

The class administrator will mail a settlement check to each Class Member who does not exclude himself or herself from the Class. Each Class Member will receive a pro-rata portion of the $9,710.00 common fund, in the amount of no less than $10.00 per Class Member.

Defendant will pay to the Class Representatives the sum of $1,000 each as statutory damages pursuant to the FDCPA.

The Court will conduct a hearing on _____, 2016 at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to review and rule upon the following issues:

A.   Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C.   Whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.   To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the

6

proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, and petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 28 days prior to the Final Approval Hearing, *i.e.*, **no later than _____, 2016**. Opposition briefs to any of the foregoing must be filed no later than 14 days prior to the Final Approving hearing, *i.e.*, **no later than _____, 2016**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days prior to the Final Approval Hearing, *i.e.*, **no later than _____, 2016**.

The Settlement Agreement and this Order will be null and void if any of the following occur:

A.   The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B.   The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties; or

C.   The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

7

If the Settlement Agreement and/or this order are voided, then the Settlement Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| **Date** | **Event** |
| --- | --- |
| | Preliminary Approval Order Entered |
| | Notice Sent (20 days after entry of Preliminary Approval Order) |
| | Deadline to Send Exclusion or File Objection (60 days after entry of Preliminary Approval Order) |
| | Motion for Final Approval and Attorney Fees Papers Filed (28 days before Final Approval Hearing) |
| | Opposition to Motion for Final Approval and Attorney Fees Papers (14 days before Final Approval Hearing) |
| | Reply in support of Motion for Final Approval and Attorney Fees Papers (7 days before Final Approval Hearing) |
| | Final Approval Hearing Held |

IT IS SO ORDERED.

Dated:

_____
The Honorable C. Darnell Jones II
United States District Judge

8

# Exhibit C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JOSEPHINE T. BELLUM and KAREN A. :
BISTREK, on behalf of themselves and :
others similarly situated, :          Civil Action No.: 2:15-cv-02460-CDJ
                                :
           Plaintiffs, :
                                :
       v.                       :
                                :
THE LAW OFFICES OF FREDERIC I. :
WEINBERG & ASSOCIATES, P.C., :
                                :
           Defendant. :

### [PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On February 29, 2016, Josephine T. Bellum and Karen A. Bistrek ("Plaintiffs") filed their unopposed motion to preliminarily approve the parties' proposed settlement.

On _____ ___, 2016, Defendant served the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 on the United States Attorney General and the Attorney General of Pennsylvania.

On _____ ___, 2016, this Court preliminarily approved the parties' proposed settlement.

On _____ ___, 2016, First Class, Inc. distributed notice of the parties' proposed class settlement, as ordered.

On _____ ___, 2016, Plaintiffs filed their unopposed motion to finally approve the parties' proposed settlement.

On _____ ___, 2016, this Court held a fairness hearing regarding Plaintiffs' and Defendant's proposed settlement.

Having considered Plaintiffs' unopposed motion, this Court finally approves the proposed settlement.

This Court also confirms that it has jurisdiction over this matter and the parties to it.

This Court further certifies the following class, for settlement purposes, under Federal Rule of Civil Procedure 23:

> All persons with a Pennsylvania address to whom The Law Offices of Frederic I. Weinberg & Associates, P.C. mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," between May 4, 2014 and May 4, 2015, in connection with the collection of a consumer debt on behalf of Bank of America, N.A.

This Court finds that this matter meets the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

1. The class members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the class members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the class members' claims;

4. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the class members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246 (E.D. Pa. 2006) (Brody, J.) (certifying FDCPA class).

This Court also appoints Josephine T. Bellum and Karen A. Bistrek as class representatives, and the following attorney and law firm as Class Counsel:

Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431

This Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. Defendant will pay to Ms. Bellum and Ms. Bistrek $1,000 each pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i).

2. Defendant will create a common fund in the amount of $9,710, which will be distributed on a pro-rata basis to each of the 971 class members who did not exclude themselves from this settlement, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii).

3. Defendant will pay the costs of notice and administration of the settlement separate and apart from any monies paid to Plaintiffs, class members, or Class Counsel.

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement.

This Court similarly finds that the parties' notice of class action settlement was adequate and gave all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it.

This Court additionally finds that Plaintiffs' and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members.

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. **[#]** class member(s) objected to the settlement. The **[#]** class members

3

who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this order. Those persons are: _____.

This order is binding on all class members, except those individuals who validly and timely excluded themselves from the settlement.

This Court approves the individual and class releases set forth in the class action settlement agreement. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

The Court awards a total of $_____ for Class Counsel's costs, expenses, and attorneys' fees.

This action is dismissed with prejudice as to all other issues and as to all parties and claims.

This court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.


IT IS SO ORDERED.

Dated:

_____
The Honorable C. Darnell Jones II
United States District Judge

4